## M. W. WILSON v. STATE.

No. A-2259.    Opinion Filed May 22, 1915.

1.    INTOXICATING LIQUORS—Quantity in Possession. Under section 6, chapter 26, Session Laws 1913, providing that:    ''The keeping in excess of· one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which

would not subject him to the payment of the special tax required by the laws of the United States, or in any manner permitting any other person to have or keep any such liquors in or about his place of business, or any place of amusement, or recreation, or any public resort, or any club room * * * shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors,'' it is error to instruct the jury that, ''By prima facie evidence is meant such evidence as, in the absence of any other evidence to the contrary, is sufficient to establish and prove any fact or thing beyond a reasonable doubt,'' since the statute only means to make such evidence competent to prove the unlawful intent, and sufficient to justify the jury in finding a defendant guilty, provided it satisfies them beyond a reasonable doubt, but not otherwise.''

2.    SAME—''Prima Facie Evidence''—Question for Jury—The phrase ''prima facie evidence,'' as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the fact, if it be credited by the jury, and unless rebutted or the contrary proved, it remains sufficient for that purpose. Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence including the presumptions are considered, is for the determination of the jury.

(Syllabus by the Court.)

*Appeal from County Court, Jackson County;*
*J. M. Williams, Judge.*

M. W. Wilson, convicted of a violation of the prohibitory law, appeals. Reversed.

*W. T. McConnell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. On information filed in the county court of Jackson county, charging that on or about the 26th day of September, 1913, he did unlawfully have in his possession certain intoxicating liquor, to wit, whisky and beer, with the intent to sell, barter, give away and otherwise furnish the same, M. W. Wilson, the plaintiff in error, was convicted and in pursuance of the verdict signed by five jurors he was on the 7th day of March, 1914, sentenced to be confined in the county jail for thirty days and to pay a fine of $50. From this judgment he appeals.

It appears from the evidence that plaintiff in error was a part owner of the Wilson & Heatley garage in Altus; that the sheriff and his deputies on a search warrant searched the place for liquor and found three or four quarts of whisky and about a dozen bottles of beer, some in a closet and some in a bedroom occupied by the defendant Wilson.

The court, with other instructions, instructed as follows:

"6.    You are further instructed that the having possession or keeping of more than one quart of whisky in or about one's place of business constitutes and is *prima facie* evidence of such person's intention to sell or otherwise unlawfully dispose of such whisky.    By place of business is meant the place where one's business vocation is carried on or conducted.    By *prima facie* evidence is meant such evidence as, in the absence of any other evidence to the contrary, is sufficient to establish and prove any fact or thing beyond a reasonable doubt.    Endorsed. Defendant excepts to the sixth paragraph of the court's instructions and an exception is allowed.

'J. M. WILLIAMS, *Judge.*"

That part of the foregoing instruction in which the court defined the legal effect of the term "*prima facie* evidence" is assigned as error.

The instruction attempts to give effect to that part of section 6, ch. 26, Sess. Laws 1913, which provides that:

"The keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States, or in any manner permitting any other person to have or keep any such liquors in or about his place of business, or any place of amusement, or recreation, or any public resort, or any club room    *    *    *    shall be *prima facie* evidence of an intention to convey, sell, or otherwise dispose of such liquors."

The Attorney General very properly concedes that this assignment is well taken.   We think that the jury could be easily confused by the language used defining the term *"prima facie* evidence."   Ordinarily the jury would understand the language objected to to mean that evidence of the possession of such amount, in the absence of any other evidence to the contrary, made it their duty to find the defendant guilty, whether convinced of his guilt or not.   We think the language used is in effect a comment upon the weight of the evidence.

In the case of *Caffee v. State, ante,* it is held that:

"The phrase *'prima facie* evidence,' as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the unlawful intent, and, if it be credited by the jury, it is sufficient for that purpose, unless rebutted, or the contrary proved," and that "Evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding the defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt."

Similar statutes of other states in which the words *"prima facie* evidence" are used have been construed to mean, "That such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt, and not otherwise."

*State v. Intoxicating Liquors,* 80 Me. 57, 12 Atl. 794, 7 Am. Cr. Rep. 291; *State v. O'Connell* (Me.) 19 Atl. 86; *State v. Momberg* (N. D.) 103 N. W. 566.

"These statutes, it is said, are merely declaratory of the common law, and are valid.   But they do not raise a conclusive presumption against the defendant.   It is error to instruct the jury that they must find him guilty on proof of such facts alone, for such evidence is competent and sufficient to justify a verdict only, if the jury are satisfied of defendant's guilt beyond a reasonable doubt."   (Black on Intoxicating Liquors, par. 509.)

In *State v. Hardelein* (Mo.) 70 S. W. 130, it is said:

"Where a defendant pleads not guilty, and admits nothing against himself, as in the case at bar, the burden of proof is on the state to first make out a case against him which would

entitle it to go to the jury; but this does not change the burden of proof, which remains with the state throughout the trial, and whether or not the evidence is sufficient to overcome the presumption of innocence of defendant, and to establish his guilt beyond a reasonable doubt, when all of the evidence on both sides including the presumptions are considered, is for the consideration of the jury."

Bishop says:

"It would be a wide departure from the humanity of the criminal law to compel a jury, by a technical rule, to convict one of whose guilt, upon the whole evidence, they had reasonable doubt. And it would reverse the presumption of innocence to hold a defendant guilty unless, taking the burden on himself, he could affirmatively prove himself innocent. All evidence should be viewed in its entirety, not in detached parts. The whole of any alleged crime must be proved, just as the whole of it must have been committed." (1 Bish. New Cr. Proc. [4th Ed.] par. 1051.)

"*Prima facie evidence*" is defined by Starkie (1 Starkie Ev. 479) as:

"That which being inconsistent with the falsity of the hypothesis, nevertheless raises such a degree of probability in its favor that it must prevail if it be credited by the jury, unless rebutted or the contrary proved."

*Prima facie* evidence in the absence of evidence to the contrary, is sufficient to establish and prove any fact beyond a reasonable doubt, only when it satisfies the jury beyond a reasonable doubt, and not otherwise.

For the reasons stated we are of opinion that the instruction complained of was erroneous and prejudicial.

It follows that the judgment should be, and the same is hereby, reversed.

FURMAN and ARMSTRONG, JJ., concur.