## ALEX SELLERS v. STATE.

(No. A-2197.   Opinion Filed July 3, 1915.)

1.      INTOXICATING LIQUORS—Quantity in Possession—Prima Facie Evidence.   A statute, making the possession of more than a certain amount of intoxicating liquor prima facie evidence of an intent to violate provisions of the prohibitory law, is not unconstitutional as invading the province of the judiciary, and depriving the accused of the presumption of innocence, or as making prima facie evidence of guilt a fact which has no relation to, or does not tend to prove, the criminal act.

2.      SAME.   Instruction—Burden of Proof.   Under section 6, chapter 26 Sess. Laws 1913, providing that, ''The keeping in excess of one quart or in any manner permitting any other person to have or keep any such liquors in or about his place of business, * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors,'' it is error to charge, ''That if you find from the evidence beyond a reasonable doubt, that the defendant had in his possession, controlled by himself, or by his agent, or any one for him, any whisky or alcohol, at his place of business, or on the premises thereof, in excess of one quart, at the time as alleged in the information, that that fact is prima facie evidence that the defendant had such possession with the intent to sell, barter and give away the same, as charged in the information, then it devolves upon the defendant to produce sufficient evidence to create in your minds a reasonable doubt as to his guilt,'' since the statute only means to make such evidence competent to prove the unlawful intent, and sufficient to justify the jury in finding a defendant guilty, provided it satisfies them beyond a reasonable doubt, but, not otherwise.

3.      EVIDENCE—''Prima Facie''—When Sufficient.   The phrase, ''Prima Facie Evidence'' as used in the statute is such evidence as in the judgment of the law, is sufficient to establish the fact, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, whether or not such evidence is sufficient to

overcome the presumption of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence including the presumptions are considered, is for the determination of the jury.

(Syllabus by the Court.)

*Appeal from County Court, McIntosh County;*
*Ben D. Gross, Judge.*

Alex Sellers, convicted of a violation of the prohibitory law, appeals. Reversed.

*E. J. Van Court* and *H. B. Reubelt,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Upon an information which charged that on or about the 24th day of June, 1913, he did unlawfully have possession of certain intoxicating liquors with intent to sell the same, the plaintiff in error was convicted and his punishment fixed at confinement in the county jail for thirty days and a fine of one hundred dollars. From the judgment entered in pursuance of the verdict he prosecutes this appeal.

The questions presented arise upon the sufficiency of the evidence to show that the defendant did have in his possession any intoxicating liquors, or that he in any manner permitted any other person to keep any such liquors in or about his place of business, and upon an exception reserved to the following instruction:

"You are further instructed that, if you find from the evidence beyond a reasonable doubt, that the defendant had in his possesison, controlled by himself, or by his agent, or any one for him, any whisky or alcohol, at his place of business, or on the premises thereof, in excess of one quart, at the time as alleged in the information, that that fact is *prima facie* evidence that the defendant had such possession with the intent to sell, barter and give away the same, as charged in the information, then it devolves upon the defendant to produce sufficient evidence to create in your minds a reasonable doubt as to his guilt."

These questions arise upon that part of section 6, ch. 26, Sess. Laws 1913, which provides that:

"The keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States, or in any manner permitting any other person to have or keep any such liquors in or about his place of business, or any place of amusement or recreation, or any public resort, or any club room * * * shall be *prima facie* evidence of an intention to convey, sell, or otherwise dispose of such liquors."

The undisputed facts are that the alcohol was found in the defendant's drug store on June 24th. The defendant left Eufaula on June 15th, and the president of the First National Bank of Eufaula testifies that he went on the train with him to St. Louis. The defendant went from St. Louis to Metropolis, Ill., on account of sickness of one of his daughters there. According to the testimony of Mrs. Kincaid, a school teacher of Eufaula, whose residence is Metropolis, Ill., the defendant was at Metropolis from June 17th to June 24th.

As a witness in his own behalf the defendant testifies that he left Eufaula on June 15th for Metropolis, Ill., returning to Eufaula June 26th, and that the liquor was not on his premises with his knowledge or permission.

The evidence shows that certain employees had charge of the drug store during his absence.

The defendant's counsel in their brief state:

"We contend that there is absolutely no evidence that the defendant either kept or permitted any other person to keep the alcohol in the store. And this being true, then the instruction above quoted was clearly erroneous and not warranted by the evidence because the statute does not purport to make the mere finding of liquor in a place of business *prima facie* evidence of guilty intent. The state must go further, and show a keeping by the owner, or his permitting a keeping by some other person."

After a careful consideration, we are convinced that the word "permitting" as used in the statute was not intended to,

and by fair construction does not, cover a case like this. The keeping in excess of more than one quart of intoxicating liquor as a part of the defendant's stock of drugs made a *prima facie* case. "A principal is *prima facie* liable for the illegal acts of an agent done in a general course of illegal business authorized by the principal." Wharton Crim. L. par. 247. In the absence of evidence to the contrary, the authority to keep said liquors may be inferred from the relations of the parties. Under the evidence in this case it was a question of fact to be determined by the jury.

It is next contended that the statute above quoted is unconstitutional. This question has been determined in the case of *Caffee v. State, ante,* 148 Pac. 680, wherein it was held that:

"A statute, making the possession of more than a certain amount of intoxicating liquor *prima facie* evidence of an intent to violate provisions of the prohibitory law, is not unconstitutional as evading the province of the judiciary, and depriving the accused of the presumption of innocence, or as making *prima facie* evidence of guilt a fact which has no relation to, or does not tend to prove, the criminal act."

Finally it is contended that a statute of this character only operates to create a presumption, and that the instruction excepted to invades the province of the jury and deprives the defendant of the presumption of innocence, and is a comment on the weight of the evidence. We are of the opinion that the exception to the instruction was well taken.

We think the language used is in effect a comment upon the weight of the evidence, and the following words: "Then it devolves upon the defendant to produce sufficient evidence to create in your minds a reasonable doubt as to his guilt," was in effect instructing the jury that the burden of proof was on the defendant to show his innocence.

The phrase "*prima facie* evidence," as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the unlawful intent, and, if it be credited by the jury, it is sufficient for that purpose, unless rebutted, or the contrary proved and which evidence of such possession is sufficient to establish the unlawful intent unless rebutted or the contrary

proved yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding the defendant guilty provided it does in effect satisfy them of his guilt beyond a reasonable doubt.  *Caffee v. State, supra.*

Similar statutes of other states in which the words, *"prima facie* evidence" are used have been construed to mean "That such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt, and not otherwise." *State v. Intoxicating Liquors,* 80 Me. 57, 12 Atl. 794, 7 Am. Cr. Rep. 291; *State v. O'Connell* (Me), 19 Atl. 86; *State v. Momberg* (N. D.), 103 N. W. 566.

"These statutes, it is said are merely declaratory of the common law, and are valid, but they do not raise a conclusive presumption against the defendant.   It is error to instruct the jury that they must find him guilty on proof of such facts alone, for such evidence is competent and sufficient to justify a verdict, only if the jury are satisfied of defendant's guilt beyond a reasonable doubt."   (Black on Intoxicating Liquors, par 509.)

In *Com. v. Kimball,* 24 Peck. (Mass.) 366, it is said:

"Making out a *prima facie* case does not necessarily or usually change the burden of proof.   A *prima facie* case is that amount of evidence which would be sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if not encountered and controlled by evidence tending to contradict it, and render it improbable, or to prove other facts inconsistent with it.   But the establishment of a *prima facie* case does not take away from a defendant the presumption of innocence, though it may, in the opinion of a jury, be such as to rebut and control it, but that presumption remains, in aid of any other proofs offered by the defendant, to rebut the prosecutor's *prima facie* case."

"The use of the term *'prima facie,'* as applied to evidence, does not shift the burden of proof."   (*Bownman v. State,* 38 Tex. Cr. R. 14, 40 S. W. 796, 41 S. W. 835.)

In *State v. Hardelin* (Mo.), 70 S. W. 130, it is said:

"Where a defendant pleads not guilty, and admits nothing against himself, as in the case at bar, the burden of proof is on the state to first make out a case against him which would entitle it to go to the jury; but this does not change the burden

of proof, which remains with the state throughout the trial, and whether or not the evidence is sufficient to overcome the presumption of innocence of defendant, and to establish his guilt beyond a reasonable doubt, when all of the evidence on both sides, including the presumptions, are considered, is for the consideration of the jury."

Bishop says:

"It would be a wide departure from the humanity of the criminal law to compel a jury, by a technical rule, to convict one of whose guilt, upon the whole evidence, they had reasonable doubt. And it would reverse the presumption of innocence to hold a defendant guilty unless, taking the burden upon himself, he could affirmatively prove himself innocent. All evidence should be viewed in its entirety, not in detached parts. The whole of an alleged crime must be proved, just as the whole of it must have been committed." (1 Bish. New Cr. Proc. (4th Ed. par. 1051.)

In *Wilson v. State, ante,* it is held:

"The phrase '*prima facie* evidence,' as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the fact, if it be credited by the jury, and unless rebutted or the contrary proved, remains sufficient for that purpose, whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence including the presumptions are considered, is for the determination of the jury."

Under our system of jurisprudence there is no conclusion or presumption of fact which is not entirely within the disposal of the jury, as it is also entirely for them to determine what portion of testimony to believe or disbelieve, and "It is the conscience of the jury that must pronounce the prisoner guilty or not guilty." 2 Hale, 313.

For the reasons stated we are of opinion that the instruction complained of was erroneous and prejudicial. It follows the judgment should be, and the same is, hereby reversed and a new trial granted.

FURMAN and ARMSTRONG, JJ., concur.