## B. H. HUFF v. STATE.

No. A-2375.   Opinion Filed November 4, 1915.

(152 Pac. 464.)

1.   PROSECUTIONS—Instruction—Evidence. Under section 6, Ch. 26, Sess. Laws 1913, providing that: "the keeping in excess of one gallon of spirituous, or one gallon of vinous, or more than one cask of malt liquors, or any imitation thereof, or substitute therefor * * * shall be **prima facie** evidence of an intention to convey, sell, or otherwise dispose of such liquors," it is error to charge: "If you find from the evidence in this case beyond a reasonable doubt that the defendant had in his possession more than one gallon of spirituous liquors then and in that event the state has introduced that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction, in the absence of other proof raising a reasonable doubt as to the unlawful intent of the defendant," because the language used invades the province of the jury and deprives the defendant of the presumption of innocence and is a comment on the weight of the evidence.

2. **INTOXICATING LIQUORS** — Prosecution — ''Prima Facie Evidence''—Question for Jury. The term ''prima facie evidence'' as used in the statute, is such evidence as in the judgment of the law, is sufficient to establish the fact, if it be credited by the jury, and unless rebutted, or the contrary proved remains sufficient for that purpose. Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumption, are considered, is for the determination of the jury.

*Appeal from County Court, Bryan County;
J. L. Rappolee, Judge.*

B. H. Huff, was convicted of violating the prohibitory law and appeals. Reversed.

*Charles A. Phillips* and *Victor C. Phillips,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction on an information charging that B. H. Huff, "did unlawfully have in his possession certain spirituous liquors, to-wit: Eight pints of whisky and one quart of alcohol with the unlawful and willful intent to barter, give away and otherwise furnish the same contrary to, etc."

The judgment was rendered in accordance with the verdict of the jury on the 23rd day of October, 1914, and the defendant was sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars.

The evidence shows that the defendant lived with his family at Caddo; that P. A. Terry, a deputy sheriff and Bob Bell, city marshal of Caddo in executing a search warrant found seven pints of whisky and one pint of alcohol at the defendant's home.

For the defense Mrs. B. H. Huff testified that her mother lived with her and was sick and that Oscar Smith brought the liquor there and her husband bought it from him because his mother-in-law needed it in her sickness.

It also appears from the record that the defendant was prosecuted in the Federal Court for having possession of said liquors.

The questions presented arise upon the sufficiency of the evidence to sustain the conviction and upon an exception taken to an instruction in the charge of the court as follows: "You are further instructed that the law provides that the keeping in excess of one gallon of spirituous liquors shall be *prima facie* evidence of an intention to convey, sell or otherwise dispose of such liquors; provided that such law shall not be construed in any way to legalize the keeping of such liquors for unlawful purposes, it matters not what the quantity might be, you are therefore instructed that if you find from the evidence in this case beyond a reasonable doubt that the defendant had in his possession more than one gallon of spirituous liquors then and in that event the state has introduced that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction, in the absence of other proof raising a reasonable doubt as to the unlawful intent of the defendant as defined in these instructions."

Counsel contend that the instruction excepted to invades the province of the jury and deprives the defendant of the presumption of innocence and is a comment on the weight of the evidence.

The attorney general very properly concedes that the exception to the instruction was well taken. The instruction attempts to give effect to that part of section 6, ch. 26, Session Laws of 1913, which in part provides:

"the keeping in excess of one gallon of spirituous, or one gallon of vinous, or more than one cask of malt liquors, or any imitation thereof, or substitute therefor . . . . . shall be *prima facie* evidence of an intention to convey, sell, or otherwise dispose of such liquors; provided, further, that this section shall not be construed in any way to legalize the keeping of such liquors for unlawful purposes."

The term *"prima facie* evidence," as used in the statute is such evidence as, in the judgment of the law, is sufficient to

establish the unlawful intent, and if it be credited by the jury, it is sufficient for that purpose, unless rebutted or the contrary proved.

*Caffee* v. *The State,* 11 Okla. Cr. 485, 148 Pac. 680.

Evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding the defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt.

In *Wilson* v. *The State,* 11 Okla. Cr. 510, 148 Pac. 823, it is said:

"*Prima facie* evidence, in the absence of evidence to the contrary, is sufficient to establish and prove any fact beyond a reasonable doubt, only when it satisfies the jury beyond a reasonable doubt and not otherwise."

And see *Sellers* v. *The State,* 11 Okla. Cr. 588, 149 Pac. 1071.

We think the language used invades the province of the jury and the following words:

"Then and in that event the state has introduced that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction in the absence of other proof, raising a reasonable doubt as to the unlawful intent of the defendant," and was in effect instructing the jury that the burden of proof was on the defendant to show his innocence.

It follows the judgment should be and the same is hereby reversed and a new trial awarded.

FURMAN and ARMSTRONG, JJ., concur.