DAWSON BEAL v. STATE.

No. A-2406.   Opinion Filed November 20, 1915.

(152 Pac. 808.)

1.   INSTRUCTIONS—Proof.  It is error for the trial court to instruct the jury that, where the state makes out a prima facie case, the defendant must prove the facts upon which he relies for an acquital by a preponderance of the evidence.  It is only necessary for the defendant to raise a reasonable doubt of his guilt.

2.   GROUND FOR REVERSAL—Instructions.  If, in the course of the trial, the court submits to the jury an instruction which has the effect of requiring the accused to establish his innocence or any other material fact beyond a reasonable doubt, and a conviction is had, a reversal will follow on appeal.

3.   INTOXICATING LIQUOR—Prosecution—Unlawful Intent—Prima Facie Evidence—Probative Effect.  Under a provision of the act of 1913, ch. 26, declaring that the keeping in excess of a certain amount of intoxicating liquors shall be "prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors," evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt.

*Appeal from County Court, Ellis County;*
*A. L. Squire, Judge.*

Dawson Beal was convicted of a violation of the prohibitory law and appeals.   Reversed.

*C. B. Leedy,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was convicted on a charge that he did have the possession of five quarts of whisky with intent to sell the same, and his punishment was fixed at a fine of fifty dollars, and confinement in the county jail for thirty days.   From the judgment following, rendered on the 19th day

of December, 1914, an appeal was perfected by filing in this court on February 22, 1915, a petition in error with case-made. Upon the, trial the court instructed the jury in part as follows:

"No. 2. If in this case you believe from the evidence that the defendant at the time and place alleged in the information had possession of more than four quarts of whisky, then it is your duty to find the defendant guilty as charged in the information, unless you ·further find that there has been shown by the evidence in this case facts or circumstances proving that the defendant had possession of such liquor for a lawful purpose."

"No. 6. In this case, as in other criminal cases, the defendant is presumed to be innocent until he is proved guilty by the state beyond a reasonable doubt, and before you can find the defendant guilty you must find from the evidence that the state has proven him guilty beyond a reasonable doubt, but you are further instructed that if the state has proven to your satisfaction beyond a reasonable doubt that the defendant had possession of more than four quarts of whisky at the time and place alleged in the information, then the state has furnished the degree of proof that is necessary, and all the proof that is necessary; unless it is shown by the evidence that such possession of more than four quarts on the part of the defendant was for some lawful purpose."

The record shows the following objections made and exceptions taken:

"At this time and before the giving of the instructions to the jury the defendant objects to the giving of instruction number two for the reason that the same invades the province of the jury; casts the burden upon the defendant to prove his innocence of the crime charged or the material elements thereof, and assumes the facts proven which are not in the evidence, or warranted by it, and that said instruction is not the law as defined by the Criminal Court of Appeals regarding *prima facie* evidence."

"And objects to the giving of instruction number six for the reason that said instruction casts the burden upon the defendant to show his innocence of the crime charged, and to prove to the satisfaction of the jury that he is not guilty of the crime charged in the information against him; that said instruction

invades the province of the jury, is prejudicial to the rights of the defendant, and denies the defendant a fair and impartial trial by invading the province of the jury."

The attorney general has filed a confession of error, conceding that the objections made were well taken, citing *Sellars* v. *The State,* 11 Okla. Cr. 588 ,149 Pac. 1071; *Caffee* v. *The State,* 11 Okla. Cr. 485, 148 Pac. 680; *Havill* v. *The State,* 11 Okla. Cr. 483, 148 Pac. 683; *Cowherd* v. *The State,* 7 Okla. Cr. 1, 121 Pac. 1021.

There can be no doubt that the confession of error should be sustained. In the Caffee case it is held that:

"Under a provision of the act of 1913, chapter 26, declaring that the keeping in excess of a certain amount of intoxicating liquors shall be *'prima facie* evidence of an intention to convey, sell, or otherwise dispose of such liquors,' evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt."

In the Havill case it is held that:

"If, in the course of the trial, the court submits to the jury an instruction which has the effect of requiring the accused to establish his innocence or any other material fact beyond a reasonable doubt, and a conviction is had, a reversal will follow on appeal."

In the Cowherd case it is held that:

"It is error for the trial court to instruct the jury that, where the state makes out a *prima facie* case, the defendant must prove the facts upon which he relies for an acquittal by a preponderance of the evidence. It is only necessary for the defendant to raise a reasonable doubt of his guilt."

The confession of error is sustained. The judgment is therefore reversed.

FURMAN and ARMSTRONG, JJ., concur.