## J. B. LANGHAM v. STATE.

No. A-4191.   Opinion Filed Oct. 13, 1923.

(218 Pac. 897.)

(Syllabus.)

1.  **Intoxicating Liquors—Illegal Possession—Insufficiency of Evidence.**  Evidence and conflicting presumptions relating to a charge of the illegal possession of intoxicating liquor examined, and found insufficient to support the verdict.

2.  **Trial—Instructions as to Controverting Presumptions of Fact.**  Where a conviction rests wholly upon a presumption of fact, and where controverting presumptions of fact also appear, the court should have called the jury's attention to such conflict and that all such presumptions should be considered together.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

J. B. Langham was convicted of illegal possession of intoxicating liquors, and he appeals.  Reversed.

Bond & Morris, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   J. B. Langham, plaintiff in error, here referred to as the defendant, was on the 5th day of December, 1921, by verdict of a jury found guilty of having illegal possession of intoxicating liquor on or about the 11th day of June, 1921.   The court, in rendering judgment on the verdict, assessed defendant's punishment at a fine of $200 and 60 days' imprisonment in the county jail.

The testimony in this case is brief, all contained in 10 typewritten pages in the record.   The testimony of two officers shows that they found three quarts of Holland gin and a small quantity of other liquor hidden in defendant's barn. The defendant, a man 65 years old, acknowledged that the liquor belonged to him and that he had it for his own use;

that he used the gin for kidney trouble, and that he had drunk one quart of it; that he had no intention of selling it, or disposing of it to others. There was no evidence whatever, except possession, pointing to the contrary.

The defendant went into the trial with the presumption of innocence. The evidence of the finding of this gin, and some other liquor, raised a conflicting presumption, pointing towards his guilt. To rebut the latter the defendant testified that he had it for his private use; that he was not always at home in the daytime, and that his secret "buffet" in the barn was more secure; that he was afflicted with kidney trouble, and used this Holland gin as a remedy and as a beverage.

The court instructed the jury, in part, as follows:

"The burden of proof in this case is upon the state to prove to your satisfaction beyond a reasonable doubt all the material allegations alleged in the information before you would be justified in returning a verdict of guilty, and if the state fails to prove to your satisfaction beyond a reasonable doubt all the material allegations, alleged in the information you should resolve such doubt in favor of the defendant and acquit him."

"The law of this state provides that it shall be unlawful for any person, firm, or corporation to have in their possession intoxicating liquor for the purpose and with the intent to sell, barter, give away, or otherwise furnish the same to other persons. The law further provides that the possession of more than one gallon of spirituous or vinous liquor, or any imitation thereof, or substitute therefor, shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors."

"You are further instructed, gentlemen of the jury, that the mere possession of intoxicating liquor, is not unlawful, and

if, after hearing all the evidence, facts, and circumstances, you then entertain a reasonable doubt as to the intention of this defendant, you should acquit him.''

We think the court, in some apt language, should have called the jury's attention to these conflicting presumptions, and that possession amounting to prima facie evidence of an intent to violate the law might be overcome by direct evidence controverting that presumption. For a more complete treatment of this point, reference is made to the following cases: Sellers v. State, 11 Okla. Cr. 588, 149 Pac. 1071; Huff v. State, 12 Okla. Cr. 138, 152 Pac. 464; Wilson v. State, 11 Okla. Cr. 510, 148 Pac. 823.

The defendant made a reasonable explanation of the purpose of his possession of this liquor. There was no direct or circumstantial evidence, other than possession, to show that defendant had ever sold, or intended to sell, liquor, or that he otherwise disposed of liquor to any person. The probabilities are that a man of good character, 65 years of age, who kept his Holland gin concealed, as in this case, was not a bootlegger. Bootleggers ordinarily do not deal in Holland gin.

We think the instructions were faulty, and that the verdict is not supported by sufficient evidence. We therefore hold that the judgment of the trial court should be reversed; and it is so ordered.

MATSON, P. J., and DOYLE, J., concur.