## W. R. ROBERTS v. STATE.

No. A-4626. Opinion Filed Feb. 7, 1925.
(232 Pac. 861.)

(Syllabus.)

1. **Intoxicating Liquors—Instruction on Prima Facie Evidence Held Error.** An instruction on prima facie evidence of guilt examined and condemned.

2. **Same—Unlawful Possession—Presumptions and Burden of Proof.** A conviction for a violation of the prohibitory law cannot be sustained upon a presumption alone. Along with the presumption of the possession being illegal, the jury must consider the presumption of innocence, and the state must assume the burden of proof on the issues as a whole.

Appeal from County Court, Texas County; Geo. M. Frittz, Judge.

W. R. Roberts was convicted of illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

Ross Rizley, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. W. R. Roberts was convicted in the county court of Texas county of the offense of having illegal possession of six gallons of whisky. The

whisky was found by peace officers buried in the sand at different places along a fence near the home of the accused. Roberts claimed it was placed there by a man who was transporting liquor to Guymon and who said he was having automobile trouble and was afraid to carry it further. Roberts refused to grant him permission to leave the liquor on his premises, and assumed that the liquor found by the officers was hidden there by this man after he had refused him such permission, and without his knowledge or consent. Whether Roberts' story in this regard was worthy of credence was a question of fact for the jury. By their verdict it is apparent that they decided this issue of fact against him.

Roberts claims in this appeal that this was probably due to erroneous instructions given by the court, particularly instruction No. 5, which reads as follows:

"You are further instructed that the possession as heretofore defined in these instructions of a quantity of intoxicating liquors in excess of one gallon is prima face evidence on the part of the person having possession of the same of an unlawful intent to violate the prohibitory laws of the state of Oklahoma.

"You are further instructed that prima facie evidence is such evidence as in the judgment of the law is sufficient to establish the fact, and if not rebutted remains sufficient for that purpose."

Instructions of this character have heretofore been condemned by this court. Wilson v. State, 11 Okla. Cr. 510, 148 P. 823; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Langham v. State, 25 Okla. Cr. 33, 218 P. 897.

Possession of more than one gallon of whisky amounts to no more than a presumption that the pos-

sessor has it for an illegal purpose. Along with that presumption must be considered the presumption of innocence, so that the jury are required to take into consideration both presumptions, along with all other evidential facts tending to establish guilt, or in rebuttal thereof. A conviction for a violation of the prohibitory law cannot rest wholly upon a presumption. By this instruction the jury were advised that, if they found that Roberts had this liquor in his possession, unless it was shown by defendant that his possession was not unlawful, they should find him guilty. In effect, this instruction shifted the burden of proof to the accused, which is error.

This was a special instruction, the vice of which was not cured by the general instruction which followed it, upon the subject of reasonable doubt. The other assignments of error need not be noticed.

For the errors pointed out in these instructions, the cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.