## H. V. STITES et al. v. STATE.

No. A-6506.  Opinion Filed August 3, 1929.
(279 Pac. 911.)

Clay Snodgrass, for plaintiff in error.

L. B. Yates, Co. Atty., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Jackson county on a charge of having unlawful possession of intoxicating liquor, and the defendant H. V. Stites' punishment was fixed at a fine of $250 and to be confined in the county jail for a period of 60 days.

Since the filing of the appeal in this case, the defendant I. Stites has died, and the cause has been abated as to him.   The defendant H. B. Stites first complains that the trial court erred in overruling the motion of the defendant for a directed verdict at the close of the state's case.   The defendants were charged with the transportation of intoxicating liquor.   The evidence offered by the state was sufficient to support the verdict of the jury, and the court committed no error in refusing to advise the jury to return a verdict of not guilty.

The defendant next complains that the trial court erred in giving to the jury the following instruction:

"You are further instructed that the having and keeping in excess of one quart of any spirituous, vinous, fermented, or malt liquors shall be deemed prima facie evidence of an intention to convey, sell, or otherwise dispose of said liquor, and you are also instructed that if you should find beyond a reasonable doubt that on or about the 6th day of January, 1926, that the defendants, H. V. Stites and I. Stites, had in excess of one quart of spirituous, vinous, fermented, or malt liquors, that the possession of such liquor, if you should find that the defendants had the possession of the same, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendants guilty, provided you are satis-

fied from all the evidence that they are guilty beyond a reasonable doubt."

The defendant relies on the cases of Wilson v. State, 11 Okla. Cr. 510, 148 Pac. 823; Sellers v. State, 11 Okla. Cr. 588, 149 Pac. 1071; Beal v. State, 12 Okla. Cr. 157, 152 Pac. 808; Huff v. State, 12 Okla. Cr. 138, 152 Pac. 464; Roberts v. State, 29 Okla. Cr. 147, 232 Pac. 861. These cases, however, are not in point in the case at bar. The instructions held bad in the cases relied on by defendant are not the same as the instruction in this case. In the cases cited by defendant the court stopped with the language, "would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved." Such an instruction was held bad, because it made the presumption arising from the possession of more than a quart of liquor one of law, and not of fact, and because such instruction in effect told the jury that it was their duty to convict the defendant, unless the presumption was rebutted or the contrary proved by the defendant. In the case at bar the trial court apparently prepared this instruction from the fourth and fifth paragraphs of the syllabus in the case of Caffee v. State, 11 Okla. Cr. 486, 148 Pac. 680. The court advised the jury:

"It does not make it obligatory upon you to convict after presentation of such proof, but such evidence is competent and sufficient to justify you in finding defendants guilty, provided you are satisfied from all the evidence that they are guilty beyond a reasonable doubt."

The instruction complained of is not a model one, but it does fairly state the law as applicable to the facts in this case, and the court did not, therefore, err in giving the same.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.