ARTHUR WALTON v. STATE.

No. A-8180.   Nov. 6, 1931.
(3 Pac. [2d] 212.)

Grim & Grim, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county of having the unlawful possession of intoxicating liquor, and was sentenced to serve 30 days in the county jail and to pay a fine of $250.

The principal contention made is that the court erred in instructing the jury on the effect of the presumption arising from prima facie evidence. This instruction is:

"You are instructed that the keeping in excess of one quart of any spirituous, vinous, fermented, or malt liquors, or any imitation thereof or substitute therefor, or any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contains as much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage, shall be prima facie evidence of an intention to convey, sell, barter, or otherwise dispose of such liquors.

"The term 'prima facie evidence,' as used in the statute, is such evidence as in the judgment of the law is sufficient to establish the unlawful intent, and, if it be credited by the jury, it is sufficient for that purpose, unless rebutted or its contrary proved."

This instruction is based on chapter 26, Session Laws 1913 (section 6999, Comp. Stat. 1921). Instructions similar to the one here complained of have been held prejudicially erroneous in several cases. Wilson v. State, 11

Okla. Cr. 510, 148 Pac. 823; Sellers v. State, 11 Okla. Cr. 588, 149 Pac. 1071; Huff v. State, 12 Okla. Cr. 138, 152 Pac. 464; Beal v. State, 12 Okla. Cr. 157, 152 Pac. 808; Langham v. State, 25 Okla. Cr. 33, 218 Pac. 897. See, also, Stites v. State, 44 Okla. Cr. 92, 279 Pac. 911.

In instructing under this statute, the court must go further than tell the jury that proof of possession of the prohibited amount is sufficient to establish the unlawful intent unless rebutted or the contrary proven, since this in effect requires the jury to convict unless the defendant shall rebut or prove the lack of the presumed intent. Even though an accused is proven to possess more than the prohibited quantity, it is not obligatory upon the jury to convict, but they must believe from all the evidence beyond a reasonable doubt that the accused is guilty, and the court by some apt language should so instruct the jury.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.