## GRANVILLE STUMP v. STATE.

No. A-9504. June 30, 1939.
(92 P. 2d 616.)

392

H. M. Shirley, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted in the county court of Coal county on a charge that he did have in his possession about one and one-half gallons of whisky, with the unlawful intent to sell the same.

Motion for a new trial was duly filed and overruled. The judgment was rendered in accordance with the verdict of the jury October 29, 1937, and the defendant was sentenced to be confined in the county jail for 30 days and to pay a fine of $50.

The evidence shows that the defendant lived with his family on section 25, township 3, north of range 11 east; that Walter Clark, sheriff, and C. C. West, a deputy sheriff, in executing a search warrant, describing the place to be searched as above stated, found about one and one-half gallons of whisky on said section.

Sheriff Clark testified:

"I went to his residence with a search warrant, and asked Mrs. Stump if Granville Stump was there; she said no. I served a copy of the warrant on her. I searched the house, a three-room box house, and did not find any liquor. I searched a crib or log barn east of the house and found one quart in a ten-gallon can. I found a half gallon of whisky buried in the garden, north of the house."

On cross-examination he testified:

"Q. Do you know, of your own knowledge, whether this barn was the barn of Granville Stump or somebody else? A. I would not swear positively, only about the trail going up to the barn; looked like whoever lived at the house might be using the barn. Q. Do you know what section that was in? A. I don't remember; the county attorney prepared the search warrant. Q. Are you aware about 24 men own property in that section? A. No, sir. Q. That there are other houses and tenants in the section? A. Might be."

C. C. West, deputy sheriff, testified that on December 20, 1936, he went with Sheriff Clark and searched the

premises and found a half gallon of whisky in a garden and a gallon in the barn east of the house.

When the state rested the defendant moved the court to strike the testimony for the reason that the search warrant is not sufficient and is void upon its face. Overruled.

As a witness in his own behalf the defendant testified that he lived with his wife, his two sons and three stepsons, all grown; that the whisky found in that barn and in the garden was not his whisky; that the garden was not included in his tenancy; that his brother, A. J. Stump, had control of the garden and the log barn where the officers found the whisky; that he had a crop of 15 or 20 acres on the section and his garden was west of the house. Asked: "Do you know how that whisky got there? If you know who put it there, and if you don't know, just say so?" Answered: "I do not know who put it there." On cross-examination he testified that his barn is west of his house, and the barn east of the house, a log crib, 14 feet square, is his brother's; that he never used it since he has been on the place; that the barn west of his house is the only barn he ever used.

Joe Featherston testified that he knew A. J. Stump, defendant's brother, and sold him 36 peach trees that he set out in the garden north of the house; that the defendant used and had corn in the barn west of the house; that he bought 30 bushels of corn, this year's crop, from the defendant and defendant and his brother helped him to weigh it out of the barn west of the house; that he was acquainted with the general reputation of the defendant in the community where he resides as to being a good law-abiding citizen, and that reputation was good. On cross-examination, he testified that he lives three miles southeast of the defendant and has lived there 40 years.

Phillip Watkins, deputy county clerk of Coal county, testified: "I have the record of different persons owning land in section 25, township 3, north of range 11 east," and

read from the record the names of the different owners of land on said section.

The first contention made is that the court erred in overruling the motion to suppress the evidence, for the reason that the search warrant described a whole section of land; that there are 11 different landowners in the section, therefore the affidavit and search warrant were not sufficient as required by law.

An affidavit for search warrant for the search of an entire section of land is in violation of section 30, art. 2, of the state Constitution. Okla. St. Ann. Const. Hall v. State, 34 Okla. Cr. 334, 246 P. 642; Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106; Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Daniels v. State, 32 Okla. Cr. 426, 241 P. 836.

However, the right to question the validity of a search warrant, under which certain premises have been searched, is personal to the occupant of the premises.

In Klaber v. State, 35 Okla. Cr. 238, 250 P. 142, this court held:

"The right to immunity from the consequences of an illegal search and seizure belongs only to the person, effects, and premises of the accused, and he has no right to complain of the officer's trespass upon the premises of a stranger."

In Williams v. State, 35 Okla. Cr. 171, 249 P. 433, this court held:

"The immunity guaranteed by the Constitution against unreasonable searches is personal. An accused will not be heard to object that a search of the premises of some third person is a violation of the constitutional inhibition."

It follows that the court did not err in overruling the defendant's motion to strike the state's evidence.

The next contention is that the verdict and judgment of conviction are contrary to law and to the evidence.

To justify or sustain a conviction of having possession of intoxicating liquor with intent to violate any of the provisions of the Prohibition Enforcement Act, there must be evidence sufficient to prove possession, and also evidence of a criminal intent. Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869.

The possession without an intent to sell or convey does not constitute an offense any more than an intent to sell or convey without possession would constitute an offense. Haltom v. State, 58 Okla. Cr. 117, 50 P. 2d 744; Hull v. State, 61 Okla. Cr. 12, 65 P. 2d 423. Knighton v. State, 64 Okla. Cr. 322, 79 P. 2d 1030.

This conviction rests solely upon circumstantial evidence. There is no direct evidence that the crib or barn, where the gallon of whisky was found, or the garden where the half gallon was found, was in the possession of or occupied by this defendant. And the fact that this defendant did not have possession of the barn and said garden, as shown by the testimony on the part of the defense, was not contradicted. The record shows that there were no exceptions taken to any of the instructions given by the court.

The court did not instruct the jury upon the law of circumstantial evidence.

An erroneous instruction, unless fundamentally wrong, and prejudicial to the rights of a defendant, will not be ground for reversal, unless excepted to at the time of trial as directed by law.

Where the state relies solely upon circumstantial evidence, as in this case, the court should always instruct upon the nature of circumstantial evidence. And where the charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the defendant's guilt, but inconsistent with any other rational conclusion.

In the instant case no instruction on this phase of the evidence was requested, and the failure to so instruct the jury is not necessarily reversible error.

The court in its instructions attempts to give effect to that part of the statute (sec. 2626, St. 1931, as amended Session Laws 1933, ch. 153, sec. 3, p. 339, 37 Okla. St. Ann. § 82) which in part provides: "The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, or any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contain more than three and two-tenths (3.2%) per cent. of alcohol, measured by weight and which is capable of being used as a beverage, * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors," by giving instruction No. 6, as follows:

"You are instructed, that if you find from the evidence beyond a reasonable doubt, that the defendant herein did on or about the date alleged in the information or any time within three years prior to the filing of the information, have in his possession any spirituous, vinous, fermented or malt liquors or imitation thereof, or substitute therefor; or any liquor or compound of any kind or description, whether medicated or not, which contains more than three and two-tenths (3.2%) per cent. of alcohol, measured by weight and which is capable of being used as a beverage; whisky is presumed to be intoxicating and needs no further proof, then and in that event it will be your duty to convict the defendant, otherwise you will acquit him."

This instruction was not a correct statement of the law and was fundamentally wrong.

With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon consideration of the evidence. In the determination of that question, they are required by the statute to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence the jury must also take into con-

sideration the presumption of the innocence of the defendant, until the contrary is proved beyond a reasonable doubt. Caffee v. State, 11 Okla. Cr. 485, 486, 148 P. 680.

In the case of Klaber v. State, supra, it is said:

"This instruction was erroneous, amounting to the shifting of the burden of proof to the defendants. Assuming that possession of the whisky by the defendants was proved, there were two presumptions for the consideration of the jury, the presumption of innocence, and a contrary statutory presumption or inference arising from the possession of an excessive quantity. In the case of Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071, it was held that an instruction like this was reversible error. The evidence in its entirety, including all of the presumptions should, as a whole, be submitted to the jury."

In the case of Walton v. State, 53 Okla. Cr. 24, 3 P. 2d 212, 213, it is said:

"Instructions similar to the one here complained of have been held prejudicially erroneous in several cases. Wilson v. State, 11 Okla. Cr. 510, 148 P. 823; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Langham v. State, 25 Okla. Cr. 33, 218 P. 897."

See, also, Stites v. State, 44 Okla. Cr. 92, 279 P. 911.

See Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757; Knighton v. State, supra.

Before a jury is authorized to find a defendant guilty, there must be evidence sufficient to show that the offense charged was committed and to identify the defendant with the commission of it as charged in the information.

No man ought to be convicted of a crime upon mere suspicion, or because he may have had an opportunity to commit it, or even because of bad character, and where circumstances are relied on for a conviction, they ought to be of such a character as to negative every reasonable hypothesis except that of the defendant's guilt.

When we recall the presumption that the law always indulges as to the innocence of the defendant, and the necessity of establishing his guilt beyond a reasonable doubt, we think it would have been a proper exercise of the power vested in the trial court to have advised the acquittal of the defendant on the ground that the evidence was insufficient to warrant a conviction.

For the reasons stated, the judgment of the county court of Coal county herein is reversed and the cause remanded, with direction to dismiss.

BAREFOOT and DAVENPORT, JJ., concur.