## CARL HUGHES v. STATE.

No. A-10748.   Sept. 3, 1947.
(184 P. 2d 625.)

A. E. Pearson, of Oklahoma City for plaintiff in error.

Mac Q. Williamson. Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, P. J.   Defendant, Carl Hughes, was charged in the court of common pleas of Oklahoma county with the crime of having unlawful possession, on May 19, 1945, of intoxicating liquor, to-wit: "Fifty-one pints and twelve 4/5ths bottles of tax paid liquor, to wit: whisky." He was tried, convicted and sentenced by the court to pay a fine of $350, and to serve a term of 90 days in the county jail, and has appealed.

For a reversal of this case, it is first contended:

"Under the undisputed evidence in this case, the place searched was the residence of the defendant, Carl Hughes, and the state failed to prove or show any search warrant, but the search warrant, if any, is not sufficient to search the defendant's home."

It is revealed by the record that a motion to suppress the evidence was filed by the defendant. A hearing was had upon this motion, and the defendant offered in evidence the affidavit and the search warrant. Under these circumstances, it was of course unnecessary for the state to introduce these instruments.

Counsel for defendant then attempted to go behind the affidavit for the search warrant and show that the officer did not have sufficient knowledge of the charges alleged in the affidavit. We have repeatedly held that this cannot be done. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Harris v. State, 56 Okla. Cr. 105, 34 P. 2d 289; Young v. State, 74 Okla. Cr. 64, 123 P. 2d 294; Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815; Luther v. State, 80 Okla. Cr. 252, 158 P. 2d 481; Medley v. State, 81 Okla. Cr. 242, 162 P. 2d 881; Linde v. State, 83 Okla. Cr. 268, 175 P. 2d 370; Workman v. State, 83 Okla. Cr. 245, 175 P. 2d 381. The affidavit in the instant case contained positive statements of facts as to the illegal possession of intoxicating liquor.

The contention that one of the witnesses for the state was a city policeman who accompanied the deputy sheriff who executed the warrant and searched the premises, and that his testimony is inadmissible because the search was conducted outside the city limits, is wholly without merit. The warrant was not secured by this officer, nor was it executed by him. He accompanied the deputy sheriff and testified to the facts which he saw and observed at the time of the search. The contention that the affidavit signed for the purpose of securing the search warrant was not sufficient to search the defendant's home cannot be sustained.

It is provided by Tit. 37 O. S. 1941 § 84 as follows:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complainant may designate, commanding him to search the premises described and designated in such complaint and warrant and to seize all such liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for such illegal manufacture, selling, bartering, giving away or otherwise furnishing of such liquor, and safely keep the same, and to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

And it is provided by section 87 of the same Title:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

And by section 88:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is

used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The affidavit in evidence states:

"Affiant further states that the above described premises is a place of public resort where divers persons congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquor and where intoxicating liquors are manufactured, bartered, stored and given away, in violation of the prohibition laws of the state of Oklahoma, and constitutes a public nuisance."

This allegation is sufficient, under the statutes above quoted.

It is also contended that the state did not prove that the bottles found contained intoxicating liquor.

The witnesses, in describing the liquid seized by the officers, testified that it was whisky, described the quantity that was seized, and further swore that it was tax-paid liquor. Counsel for defendant in his questioning of the witnesses referred to the liquor seized as whisky. The identical liquor was brought into court, exhibited before the jury, and identified by the officers, but there seems to be some question as to whether or not the assistant county attorney actually introduced it in evidence.

We are of the opinion that under the decisions of this court, this evidence was sufficient to prove the liquor was intoxicating. We have often held that the court will take judicial knowledge that whisky is intoxicating liquor. The evidence here shows that the whisky was "tax-paid." Defendant did not request or offer to open the bottles, or to examine their contents. No evidence was offered by defendant. Patton v. State, 20 Okla. Cr. 52, 200 P. 878; Crouse v. State, 39 Okla. Cr. 127, 263 P. 681;

Crouse v. State, 69 Okla Cr. 24, 100 P. 2d 467; Johnson v. United States, 6 Cir., 46 F. 2d 7.

The most serious question presented by this appeal is the giving by the court of instruction No. 8, which was excepted to by defendant. This instruction was as follows:

"You are instructed that the keeping, at, in or about a place of residence, at any one time, of more than one quart of spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, or any imitation thereof, or substitute therefor, or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain more than three and two-tenths per cent of alcohol, measured by weight, and which is capable of being used as a beverage, is prima facie evidence of an intention to barter, sell or otherwise dispose of the same contrary to law.

"But while this is prima facie evidence of an intent on the part of the defendant to barter, sell or otherwise dispose of the same contrary to law, it is a rebuttable presumption and can be removed by proof to the contrary."

This provision of the statute (Tit. 37 O. S. 1941 § 82) has been before this court upon numerous occasions. Wilson v. State, 11 Okla. Cr. 510, 148 P. 823; Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Langham v. State, 25 Okla. Cr. 33, 218 P. 897; Stites v. State, 44 Okla. Cr. 92, 279 P. 911; Walton v. State, 53 Okla. Cr. 24, 3 P. 2d 212.

The objection offered to the above instruction is to the last paragraph. It is contended that this part of the instruction did not properly interpret the statute (Tit. 37, O. S. 1941 § 82), but that it shifted the burden from the state to prove defendant's guilt beyond a reasonable

doubt, and placed the burden upon defendant to prove his innocence.

We have examined all of the above cases, and in every case where the court gave an instruction similar to the one above quoted, this court has reversed the case by reason thereof. We have examined all of these cases carefully, and have been unable to find that any of them have the identical instruction as above quoted. In most of the cases, the court gave instructions which are more liberal than those given in the instant case, yet, the court reversed the case. In a number of the cases, in defining "prima facie" as used in this statute, the jury was instructed that it was not obligatory upon the jury to convict, but that they must believe the defendant guilty from all of the evidence introduced, beyond a reasonable doubt. No such clause appears in the instruction in this case. The fact that the court in other instructions instructed the jury that it was necessary to find defendant guilty beyond a reasonable doubt did not protect defendant's rights in this instruction, which clearly places the burden upon the defendant of producing witnesses to prove his innocence.

All of the cases above cited were reversed, with the exception of the case of Stites v. State, supra [44 Okla. Cr. 92, 279 P. 912]. Judge Chappell distinguished that case from the other cases heretofore cited. In the Stites case the instruction given by the court was as follows:

"You are further instructed that the having and keeping in excess of one quart of any spirituous, vinous, fermented, or malt liquors shall be deemed prima facie evidence of an intention to convey, sell, or otherwise dispose of said liquor, and you are instructed that if you should find beyond a reasonable doubt that on or about the 6th day of January, 1926, that the defendants, H. V. Stites and I. Stites, had in excess of one quart of spirit-

uous, vinous, fermented, or malt liquors, that the possession of such liquor, if you should find that the defendants had the possession of the same, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendants guilty, provided you are satisfied from all the evidence that they are guilty beyond a reasonable doubt."

The court said:

"The defendant relies on the cases of Wilson v. State, 11 Okla. Cr. 510, 148 P. 823; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Roberts v. State, 29 Okla. Cr. 147, 232 P. 861. These cases, however, are not in point in the case at bar. The instructions held bad in the cases relied on by defendant are not the same as the instruction in this case. In the cases cited by defendant the court stopped with the language, 'would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved.' Such an instruction was held bad, because it made the presumption arising from the possession of more than a quart of liquor one of law, and not of fact, and because such instruction in effect told the jury that it was their duty to convict the defendant, unless the presumption was rebutted or the contrary proved by the defendant. In the case at bar, the trial court apparently prepared this instruction from the fourth and fifth paragraphs of the syllabus in the case of Caffee v. State, 11 Okla. Cr. [485], 486, 148 P. 680. The court advised the jury:

" 'It does not make it obligatory upon you to convict after presentation of such proof, but such evidence is competent and sufficient to justify you in finding defendants guilty, provided you are satisfied from all the evidence that they are guilty beyond a reasonable doubt.'

"The instruction complained of is not a model one, but it does fairly state the law as applicable to the facts in this case, and the court did not, therefore, err in giving the same."

It will be noted that this case even disapproves an instruction such as was given in the instant case.

The Assistant Attorney General, in his brief, states:

"More comparable than those to which counsel makes reference are the instructions involved in the cases of Committi v. State, 28 Okla. Cr. [380] 381, 231 P. 316; Brickey v. State, 55 Okla. Cr. 451, 32 P. 2d 743; and Farrow v. State, 64 Okla. Cr. 460, 82 P. 2d 244."

In the Committi case, [28 Okla. Cr. 380, 231 P. 317], the instruction given by the trial court was as follows:

"You are instructed, gentlemen of the jury, that the keeping in excess of one gallon of whisky, or one gallon of wine, or one cask of beer in any private residence by any person is prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors, and in this connection you are instructed that the term 'prima facie,' as used herein, means that it is such evidence as in the judgment of the law is sufficient to establish the fact of unlawful intent, if it be credited by the jury, unless rebutted and the contrary proved, and remains sufficient to establish the unlawful intent."

This case was reversed by reason of the giving of this instruction, which is very similar in expression to the instruction given in the instant case. Judge Doyle, in rendering the opinion, said:

"The instruction given by the court in connection with the statutory definition given of 'prima facie evidence' is faulty, in that it places on the defendant the burden of rebutting the unlawful intent."

In the Brickey case [55 Okla. Cr. 451, 32 P. 2d 744], the judgment of the court was affirmed, but the instruction considered contained this provision:

"* * * would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the evidence that the defendant is guilty, beyond a reasonable doubt."

No such instruction was given in the instant case.

In the Farrow case, the judgment was affirmed, but the instruction given was identical with the instruction given in the Brickey case.

It is therefore noted that these cases do not sustain the giving of the instructions as above quoted.

The trial court gave instruction No. 9 in the instant case which had reference to Tit. 37, O. S. 1941 § 81, which provides that the possession of a Federal liquor license shall be deemed prima facie evidence of an intention to violate the prohibitory liquor laws of the state, the same as the statute under consideration. Instruction No. 9 is as follows:

"* * * However, you are further instructed that the payment of such special tax by the defendant, if you should so find, does not make it obligatory upon you to convict him of the crime charged in the information, for it is a rebuttable presumption and can be removed or overcome by any competent evidence to the contrary."

This instruction is not altogether a proper one, but it does instruct the jury that it "does not make it obligatory upon you to convict him of the crime charged in the

information." No such saving clause appears in instruction No. 8, hereinbefore quoted.

With all of the cases heretofore cited, from the early days of this court to the present time, construing the statute herein quoted, we are at a loss to understand why instruction No. 8 should have been given in the form here presented. It clearly places a burden upon the defendant which the law does not require or contemplate.

The records of this court and of this case reveal that this defendant has been a persistent violator of the prohibition laws of this state, but notwithstanding this, he is entitled to a fair and impartial trial under the laws and Constitution of this state.

For the reasons above stated, the judgment of the court of common pleas of Oklahoma county is reversed, and the case remanded, with instructions to again try this defendant on this charge.

JONES and BRETT, JJ., concur.