BERTHA BLUE v. STATE.

No. A-3935.     Opinion Filed April 6, 1922.
(205 Pac. 774.)

Appeal from County Court, Latimer County; C. R. Hunt, Judge.

Bertha Blue was convicted of violating the prohibitory liquor law, and she appeals. Reversed.

H. T. Church, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Bertha Blue, was tried, convicted, and sentenced to be confined in the county jail for 30 days, and pay a fine of $50 on an information which charges that Bertha Blue did—

"unlawfully have and keep in her custody and possession 30 gallons of Choctaw beer, the same being then and there a malt and fermented liquor, with the unlawful intent upon the part of her, the said defendant, Bertha Blue, to sell the same."

Among the errors assigned, several question the sufficiency of the evidence to support the conviction.

The testimony for the state is substantially as follows:

J. G. Shaw, sheriff, testified that in serving a search warrant he found about 30 gallons of a liquid at the defendant's home, drank some of it, and pronounced it Choctaw beer; did not drink enough of it to say that it was intoxicating; could not say that it contained malt; poured the contents of the cask out; did not have the same analyzed, and did not make any report to the county clerk of the amount destroyed.

Ed Buse, undersheriff, testified:

"I was present when the contents of the keg was destroyed by Sheriff Shaw; knows what Choctaw beer is; that it is made from malt, hops, sugar, and yeast cake; could not say that this Choctaw beer was intoxicating; did not make return of the search warrant."

J. Bramlett, deputy sheriff, testified:

"I was present and drank some of the contents of the barrel and pronounced it Choctaw beer; it tasted like Choctaw beer, only it was sweet; could not tell what this beer consisted of; from 25 years of experience with Choctaw beer I know it has to contain malt."

Arthur Brashers testified:

"Was with the sheriff and drank some of the liquid; it tasted like Choctaw beer; do not know that this beer contained malt."

Ed Riddle testified:

"I was present when the officers came; drank some of this beer at the instance of the officers; I could hardly drink the first glass I took; it was not Choctaw beer; I could not say what this liquid contained."

For the defense, Dave Lewis and Carl Foster testified that they were present when the officers came and were asked by the officers to drink some of the liquid; that they knew what Choctaw beer is, and this liquid was not what they would call Choctaw beer; "it was sweet, did not have any kick to it, and was not intoxicating."

As a witness in her own behalf, Bertha Blue testified:

"I had about 18 gallons of the drink that Sheriff Shaw poured out; it was not Choctaw beer; I made the preparation on Thursday morning, and this was on Sunday night; this drink did not contain malt, yeast cake, or sugar; it consisted of 2 gallons of molasses, 10 pounds of wheat bran, and 2 packages of hops; this drink was known by the name of 'Hop Tea'; it is not intoxicating; it was made for my own use, and not to sell or give away; I never did sell Choctaw beer, or make the same for sale; the hops put in this drink are only used to give it a flavor."

The Attorney General has filed a confession of error on the ground that in cases of this kind:

"It is necessary for the state to show that the liquor is intoxicating, or that it contains as much as one-half of one per cent. of alcohol, measured by volume, there being no evidence that the liquor found in the possession of the plaintiff in error was intoxicating, or that it had this percentage of alcohol. The court having refused to permit the defendant to show that the same was not intoxicating, we are of the opinion that pre-

judicial error was committed, and therefore recommend that the judgment of the trial court be reversed."

—citing Gill v. State, 20 Okla. Cr. 39, 200 Pac. 882, in which case it is said:

"As a general rule, in criminal cases the burden of proof never shifts, but rests on the prosecution throughout, and before a conviction can be had the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation; so in this case, where it was not such liquor as the courts judicially know to be malt and intoxicating liquor, if the state, upon the whole evidence, failed to prove that the so-called beer or liquor was intoxicating, or that it contained as much as one-half of 1 per cent. of alcohol, measured by volume, it fails to make out a case."

An examination of the record shows that the confession of error is well founded. The judgment of the lower court is therefore reversed, with direction to dismiss.