### LEE STANLEY v. STATE.
No. A-3888.    Opinion Filed April 8, 1922.
(205 Pac. 775.)

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Lee Stanley was convicted of a violation of the Prohibitory Liquor Law, and he appeals. Reversed.

R. C. Drake, for plaintiff in error.

The Attorney General and R. E. Wood, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Lee Stanley, was convicted and sentenced to be confined in the county jail for 30

days and to pay a fine of $50 and the costs, on an information which charged that in Stephens county on or about the 10th day of August, 1920, he did "unlawfully manufacture intoxicating liquor, to wit, Choctaw beer."

From the judgment an appeal was duly perfected.

The errors assigned are that said judgment is contrary to law and the evidence and that the court erred in giving one certain instruction and in refusing to give a requested instruction.

The testimony on the part of the state shows that defendant was found in the possession of five or six gallons of so-called "Choctaw" beer. There was no competent testimony offered tending to show that said Choctaw beer was intoxicating or that it contained one-half of 1 per cent. of alcohol measured by volume.

The court, among others, gave the following instruction:

"Gentlemen of the jury, you are instructed that Choctaw beer is an intoxicating liquor as defined by the laws of this state. Exception allowed. G. T. Burrows, Co. Judge."

The defendant requested the court to give an instruction to the effect that the court cannot take judicial notice that Choctaw beer is intoxicating liquor, and the burden is upon the state to prove beyond a reasonable doubt that the Choctaw beer which it is alleged that the defendant manufactured was intoxicating liquor, which instruction was refused and exception allowed.

In the case of Gill v. State, 20 Okla. Cr. 39, 200 Pac. 882, this court said:

"As a general rule, in criminal cases the burden of proof never shifts, but rests on the prosecution throughout, and before a conviction can be had the jury must be satisfied from

the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation; so in this case, where it was not such liquor as the courts judicially know to be malt and intoxicating liquor, if the state, upon the whole evidence, failed to prove that the so-called beer or liquor was intoxicating, or that it contained as much as one-half of 1 per cent. of alcohol, measured by volume, it fails to make out a case."

It follows that the court erred in giving the instruction excepted to, and in refusing to give the instruction requested.

The judgment of the lower court is therefore reversed.