## J. D. WALKER v. STATE.

No. A-6304. Opinion Filed June 16, 1928.
(268 Pac. 311.)

Nestor Rummons and E. C. Patton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The information in this case charged that in Kiowa county, on the 12th day of July, 1925, J. D. Walker, G. H. Walker, Walter Owens, and Mark Brown did unlawfully transport intoxicating liquor, to wit, six pints of beer, from a point unknown in Kiowa county to the baseball park in the town of Snyder. Upon the trial, at the close of the evidence, the defendants moved for a directed verdict of acquittal, which motion was by the court sustained except as to the defendant J. D. Walker, and the jury were unable to agree as to the defendant J. D. Walker. Upon his second trial the defendant was found guilty, and in accordance with the verdict of the jury he was sentenced to pay a fine of $300 and to be confined in the county jail for 90 days. To reverse the judgment he appeals.

Of the various assignments of error upon which the defendant relies for a reversal of the judgment, we deem it only necessary to consider the one; that is, the evidence is not legally sufficient to support the

verdict in that there is no competent evidence in the case tending to show the so-called beer seized and admitted in evidence was intoxicating liquor, or that it contained more than one-half of 1 per cent. of alcohol, measured by volume.

The evidence shows that Rex Downs, city marshal of Snyder, and deputy sheriff, followed the defendants from the ball park gate to where they stopped their car, arrested them and searched the car, finding six bottles of near beer in the car.

There was a failure of proof as to the identification of the six bottles offered in evidence as to being the same bottles taken from the defendant's automobile at the time of his arrest.

Several witnesses testified that the bottles were not the same, and there was no proper proof that the liquid therein contained more than one-half of 1 per cent. of alcohol, measured by volume.

As a general rule, in criminal cases the burden of proof never shifts, but rests on the prosecution throughout, and before a conviction can be had the jury must be satisfied from the evidence, beyond a reasonable doubt, of the affirmative of the issue presented in the accusation; so in this case, where it was not such liquor as the courts judicially know to be. malt and intoxicating liquor, if the state, upon the whole evidence, failed to prove that the so-called beer or liquor was intoxicating or that it contained as much as one-half of 1 per cent. of alcohol, measured by volume, it fails to make out a case. Gill v. State, 20 Okla. Cr. 39, 200 P. 882.

After fully considering all the evidence, we are clearly of the opinion that the verdict is contrary to the evidence, and for this reason the trial court should

have sustained the motion of the defendant for a directed verdict of acquittal. Because the evidence is insufficient to sustain the conviction, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.