J. H. TERRELL et ux. v. STATE.

No. A-6470.   Opinion Filed July 3, 1929.
(279 Pac. 365.)

Hill & Banta, for plaintiffs in error.

Homer H. Bishop, Co. Atty., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Seminole county on a charge of unlawful possession of intoxicating liquor.   The defendant J. H. Terrell was sentenced to pay a fine of $300 and be confined in the county jail for 90 days.   Mrs. J. H. Terrell was sentenced

to pay a fine of $200 and be confined in the county jail for a period of 30 days. Motion for new trial was filed, overruled, and exceptions saved, and the case is now on appeal in this court.

It is only necessary to consider two questions in determining this case: First, was the evidence of the state sufficient to prove that the apricot choc seized was in fact intoxicating? In the case of Richardson v. State, 21 Okla. Cr. 393, 208 Pac. 1052, this court said:

"The court will not take judicial notice of the intoxicating character of a beverage which is not made by any standard formula, is not generally offered for sale in this jurisdiction, and has not become so well known as to have a general reputation as to its intoxicating character.

"To sustain a conviction for maintaining a public nuisance, in that defendant kept a place where choctaw beer was manufactured, the state must, if the beverage is not what is generally known as one of the spirituous, vinous, or malt liquors, introduce evidence either of its intoxicating effect or that it contained more than one-half of 1 per cent. of alcohol measured by volume."

This court does not take judicial notice of the intoxicating character of apricot choc. There being no evidence to show that it is made by standard formula nor that it is generally offered for sale in this jurisdiction, the state should have forwarded samples of this beverage to the proper state officers to be analyzed and legal proof made of the alcoholic content of the beverage seized. The analysis is made by the state without expense to the county, and there is no reason why the same should not be done in that class of beverages which are not generally known as spirituous, vinous, or malt liquors and which are not made by any standard formula nor generally offered for sale in this jurisdiction.

The next ground of error complained of by the defendant is that the court erred in overruling the offer of the defendant to show that the search warrant was signed in blank by the justice of the peace, and that the body of the search warrant was later filled out by some other person at this time unknown to the defendant; and was not the act of the justice of the peace and not a valid search warrant. The county attorney objected to this proof and the objection was sustained by the court.

Section 7009, Comp. St. 1921:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in this county, whom the complaint may designate, commanding him to search the premises described and designated in such complaint and warrant and to seize all such liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for such illegal manufacture, selling, bartering, giving away or otherwise furnishing of such liquor, and safely keep the same, and to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

The issuing of a search warrant is a judicial act of the magistrate. It is the duty of the magistrate to prepare the order and sign the same. The practice of issuing search warrants in blank, leaving the sheriff or other officer to fill in the description of the premises to be searched and the other information required to be written in the warrant, is highly improper. Any search or seizure made under such void warrant is a nullity, and on timely objection and showing the evidence should be suppressed by the court.

This court has no way of knowing whether the search warrant was in fact issued in blank as charged by the defendant, because the trial court refused to allow the defendant to introduce any evidence in support of his objection. When the objection was made by the defendant and the offer of proof that the search warrant was issued in blank was made, it was the duty of the trial court to exclude the jury and hear the evidence offered by the defendant and the state, and if it was made to appear that the warrant was actually issued in blank, the objection of the defendant should have been sustained and the evidence suppressed.

For the reasons stated, the cause is reversed, and remanded with directions to the trial court to hear any competent evidence to be offered by the defendant tending to show that the search warrant was actually issued in blank, and if it appears to the court that the search warrant was issued in blank, then the court is directed to dismiss said cause.

EDWARDS, P. J., and DAVENPORT, J., concur.