## BERTHA McHENRY v. STATE.

No. A-7733.   Opinion Filed March 14, 1931.
(296 Pac. 994.)

L. L. Mosher and T. J. Lillard, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having choctaw beer, with intent to sell, barter, give away, and otherwise furnish the same in violation of the prohibitory laws, and was sentenced to pay a fine of $125, and be imprisoned in the county jail for 30 days.   From the judgment, the defendant has appealed to this court.

The testimony on behalf of the state is, in substance, as follows:

Charley Allen testified he was chief of police in the town of Wagoner on the 22d day of July, 1929; that he with other parties went down near the defendant's home and claims to have seen the defendant starting to deliver a sack of home brew to Paul Thompson; there were about 40 bottles in the sack; "I confiscated the choc beer and took it to the city hall."

"Q. Could you tell whether it was intoxicating? A. It is generally supposed that it was intoxicating; after I took it to the city hall a lot of it blew up.

"By the Court: Could you tell whether it was intoxicating or not? A. Yes, sir, it was fermented enough to cause the bottles to explode."

The question of the court was objected to by the defendant. The court did not rule on defendant's objection.

On cross-examination, witness stated that there were about 40 bottles of choc beer; that he destroyed it; "I threw the bottles against the city hall and broke them; did not take them to the county jail."

Bill Price was called on behalf of the state, and testified he was with Mr. Allen, chief of police, on July 22, 1929, when he arrested Bertha McHenry; she had a sack of home brew bottles taking them to some fellow in a car; she had hold of the sack taking it to the parties when Mr. Allen arrested her. On cross-examination, witness stated that the choc beer was brought to town. This is all the testimony introduced on behalf of the state.

At the close of the state's testimony the defendant made the following motion:

"The defendant moves that the evidence of these witnesses be suppressed and held for naught and the case be taken from the jury, or that the jury be instructed to return a verdict in behalf of the defendant.

"The state has failed to introduce evidence sufficient to prove that the stuff, or choctaw beer, was intoxicating. There is no evidence before this court or before the jury that the choctaw beer was intoxicating.

"The Court: That is for the jury to determine."

Which motion was overruled, and the defendant duly excepted. No testimony was introduced on behalf of the defendant.

The first assignment of error presented by the defendant is the court erred in overruling the motion for a new trial filed in said cause on her behalf. This assignment is the only assignment that it is necessary to consider, as the motion for new trial covers the questions raised in the trial of the case. The view we take of the record it is only necessary to consider the question of the insufficiency of the evidence. The state failed to produce any testimony showing that the choc beer was intoxicating or that it contained more than one-half of 1 per cent. of alcohol measured by volume. There is an entire failure of proof on the part of the state that the contents of the bottles the officers confiscated contained sufficient alcohol to come within the provisions of our statute regulating intoxicating liquors. This court has passed upon this question so many times that it is not deemed necessary to refer to all the decisions of the court. A few of them will suffice to show the former rulings. Richardson v. State, 21 Okla. Cr. 393, 208 Pac. 1052, 1053; Gill v. State, 20 Okla. Cr. 39, 200 Pac. 882; Blue v. State, 21 Okla. Cr. 156, 205 Pac. 774.

The rule announced in Richardson v. State, supra, was recently reaffirmed by this court in the case of Terrell v. State, 43 Okla. Cr. 388, 279 Pac. 365. The evidence is insufficient to sustain the allegations in the information.

The judgment of the lower court is reversed.

CHAPPELL and EDWARDS, JJ., concur.