## JOHNNY WHITWELL v. STATE.

No. A-9819.   June 11, 1941.
(114 P. 2d 489.)

R. K. Robertson, of Sapulpa, for defendant.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Everett S. Collins, Co. Atty., of Sapulpa, for the State.

BAREFOOT, P. J. Defendant, Johnny Whitwell, was charged in the superior court of Creek county with the unlawful possession of intoxicating liquor, to wit, three pints of gin and twenty and one-half pints of tax-paid whisky; was tried, convicted and sentenced to pay a fine of $100 and to serve 30 days in the county jail, and has appealed.

For a proper disposal of this case it is only necessary to pass upon two of the errors assigned. They are, first:

"That the court erred as a matter of law and right in denying the defendant the right to have his motion to sup-

press search warrant and all evidence obtained thereunder to be set for hearing, and the defendant be given an opportunity to present evidence in support of his motion."

And second:

"That the court erred in giving its instructions to the jury, particularly instructions No. 1, 2, 3, and 4, and all of said instructions when taken as a whole do not correctly state the law of the case and are erroneous."

On the 22nd day of November, 1939, defendant filed a motion to suppress the evidence on the ground that the search warrant issued was illegal and void and in violation of the constitutional rights of the defendant. On this date, which was the day set for hearing of pleas in criminal cases, counsel for defendant appeared before the court and asked that a time be set for the hearing of said motion, and that he be permitted to offer testimony of witnesses in support thereof. The court upon hearing said request stated:

"By the Court: Let the record show that after examining the affidavit upon which the motion is based, the court finds that the affidavit is good upon its face and shows grounds for the issuing of search warrant, and the court finds that nothing can be gained by the hearing of testimony on said motion, and denies the request."

It will thus be seen that the court denied the defendant the right to be heard upon the motion to suppress the evidence and an opportunity to offer testimony in support thereof. It will also be noted that the case was not set for trial until December 8, 1939, and was tried on that day. The refusal of the court to give the defendant an opportunity to be heard on the motion to suppress the evidence secured by the search warrant and an opportunity to submit evidence in support thereof was, in our opinion, a denial of a substantial right and one that constitutes reversible error. Oklahoma Statutes 1931, section 3235,

O. S. A. title 22, sec. 1235; Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Terrell et ux. v. State, 43 Okla. Cr. 388, 279 P. 365. See, also, Harkline v. United States, 8 Cir., 4 F.2d 526. Certainly the defendant had a right under the law to submit evidence in support of his motion. This is the very procedure which this court has outlined as the best practice in raising the question of the illegality of a search warrant. The motion was filed 16 days before the case was called for trial. We are of the opinion that the court erred in refusing the request of defendant that he be permitted to introduce evidence in support of his motion to suppress.

The second assignment to be considered is that the court erred in giving certain instructions to the jury. It is unnecessary to fully quote these instructions. The court instructed the jury under Oklahoma Statutes 1931, section 2625, O. S. A., title 37, sec. 32. This section refers to the possession of more than one gallon of liquor in or about one's place of residence. This statute is no longer in force and effect, having been superseded by the Session Laws of 1933, chapter 153, sec. 3, O. S. A., title 37, sec. 82. This statute provides the keeping in excess of one quart of intoxicating liquor in or about one's place of business or residence, or place of amusement or recreation, or any public resort or clubroom, shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors. This law was adopted by a vote of the people of this state at the time of the adoption of the amendment to the Constitution permitting the sale of 3.2 per cent beer, and is now the law. For a full explanation and history of these statutes, see the case of Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757. The court in his instructions to the jury instructed only upon the question of the possession of liquor and at no place instructed the jury it was

necessary to prove in addition to the possession of the same that it should be had for an unlawful purpose. This court has often held that it was necessary to prove that the liquor was had with an intent to sell, barter or give away, or for an unlawful purpose. Possession alone is not sufficient. Smith v. State, 62 Okla. Cr. 33, 69 P.2d 671; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Stites v. State, 44 Okla. Cr. 92, 279 P. 911; Walton v. State, 53 Okla. Cr. 24, 3 P. 2d 212; Wilson v. State, 11 Okla. Cr. 510, 148 P. 823.

For the reasons above set forth, the judgment of the superior court of Creek county is reversed.

JONES, J., concurs.  DOYLE, J., absent.