## CROSBY v. STATE.

No. A-11832. May 20, 1953.

(257 P. 2d 847.)

A. L. Commons, Miami, for plaintiff in error.

Mac Q. Williamson, Atty Gen., for defendant in error.

POWELL, P. J. The plaintiff in error herein was convicted in the county court of Ottawa county where she was charged with unlawful possession of intoxicating liquor. The jury returned a verdict of guilty, but not being able to agree upon the punishment, the court fixed a penalty of $100 fine and imprisonment in the county jail for thirty days. Appeal was perfected to this court on August 15, 1952.

No briefs have been filed by either the appellant or the state. We are required, nevertheless, to read the record for fundamental error.

It is charged in the information that Elsie Crosby, hereinafter referred to as defendant was found in possession of one-half pint of whiskey and thirty bottles of beer containing more than 3.2 per cent alcohol by volume, with unlawful intent to sell, etc. On trial, at the close of the state's evidence, the defendant demurred, and excepted to the action of the court in overruling the demurrer. The defendant testified and offered evidence of one other witness and at the close of all the evidence defendant renewed her demurrer, and as a ground stated that the evidence failed to prove the allegations of the charge, etc. The question of the sufficiency of the evidence was likewise raised in the motion for new trial filed by the defendant, and in the petition in error filed in this court.

Sheriff Milton McCullough testified that although he participated in the raid on the frame building used by the defendant as a residence and place of business, he did not locate the liquor in question, so the county attorney did not ask him any further questions. Thereupon, the state produced Leo Albro, deputy sheriff, who testified that he found one-half a pint of whiskey under the mattress or pillow of a cot in the kitchen of defendant's premises where they apparently fixed short orders; that he found one case of beer under the bed and one by the wall.

On cross-examination counsel for the defendant asked Deputy Albro with reference to the beer marked State's Exhibits 2 and 2A, "Is there anything on the can, the outside, to denote the alcoholic content of that beer? Read it and see." The witness answered: "No, sir." Counsel then proceeded to take a can and the deputy took a can and counsel read all the wording on the can, and nowhere was the alcoholic content of the beer specified. It was labeled: "The Original Griesedieck Bros. Premium Light Lager Beer." Witness was asked if the beer had been analyzed by a chemist for alcoholic content and was advised that it had not.

The defendant testified that she had just moved into the raided property about a week prior to the raid, and denied owning the half pint of whiskey or the beer, or having knowledge that it was in the building. One Richard Foust testified that the beer belonged to him, giving an explanation of his storing the same at defendant's place.

The evidence of the defendant is of no importance in the solution of this case. See Tit. 37 O.S. 1951 § 82. The question is, Did the state make out a case? The answer must be in the negative. Defendant's demurrer to the state's evidence should have been sustained.

48

The half pint of whiskey was insufficient, under the facts stated, to make out a prima facie case. See Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836; Sparks v. State, 77 Okla. Cr. 428, 142 P. 2d 377; Edwards v. State, 83 Okla. Cr. 370, 177 P. 2d 131, and King v. State, 81 Okla. Cr. 278, 163 P. 2d 248, on the method of proving intent where amount of liquor is less than one quart, such as evidence that place raided was a place of public resort and that persons were seen drinking liquor in and about the premises, etc. Some such proof was developed on the motion to suppress, but no such proof was offered at the trial.

As to the beer, this court does not take judicial knowledge that beer is intoxicating, unless the beer is shown to contain more than 3.2 per cent alcohol by volume, as was alleged in the information but not proven. The burden was on the state to so show, or in lieu thereof, proof of the intoxicating effect would have been sufficient, but no such proof was attempted. We have held that beer is not a liquid per se intoxicating. Terrell v. State, 43 Okla. Cr. 388, 279 P. 365; Coleman v. State, 39 Okla. Cr. 149, 263 P. 676; Allen v. State, 45 Okla. Cr. 72, 281 P. 822; Gill v. State, 20 Okla. Cr. 39, 200 P. 882; Estes v. State, 13 Okla. Cr. 604, 166 P. 77, 4 A.L.R. 1135; note at 91 A.L.R. 513-535; Williams v. State, 30 Okla. Cr. 39, 234 P. 781. See, also, Workman v. State, 83 Okla. Cr. 245, 175 P. 2d 381.

For the reasons stated, the judgment is reversed.

JONES and BRETT, JJ., concur.